# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2024-1562
Lower Tribunal No. 2018-CA-005130

_____

DAVID M. SANTIAGO,

Appellant,

v.

WILMINGTON TRUST, NATIONAL ASSOCIATION, not in its individual capacity, but solely as Trustee for MFRA TRUST 2015-1,

Appellee.

_____

Appeal from the Circuit Court for Orange County.
Luis F. Calderon, Judge.

January 30, 2026

PRATT, J.

Appellant David M. Santiago appeals the trial court's order granting summary judgment in favor of Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2015-1. We write solely to explain why we reject Appellant's argument regarding Florida Rule of Civil Procedure 1.510(a)'s statement-on-the-record requirement.[1]

---

[1] We reject without further discussion Appellant's argument that his affirmative defenses precluded entry of summary judgment.

Appellant asserts that the trial court's written order failed to include sufficient reasons for granting Appellee's summary judgment motion pursuant to rule 1.510(a). *See generally* Fla. R. Civ. P. 1.510(a) ("The court shall state on the record the reasons for granting or denying the motion."); *In re Amends. to Fla. R. Civ. P. 1.510*, 317 So. 3d 72, 77 (Fla. 2021) ("To comply with this requirement, it will not be enough for the court to make a conclusory statement that there is or is not a genuine dispute as to a material fact. The court must state the reasons for its decision with enough specificity to provide useful guidance to the parties and, if necessary, to allow for appellate review."). However, Appellant's argument fails to acknowledge that a trial court can satisfy rule 1.510(a)'s statement-on-the-record requirement either "by stating its reasons in the order granting final summary judgment or by oral pronouncement." *Tucker v. LNV Corp.*, 363 So. 3d 1095, 1097 (Fla. 4th DCA 2023). In this case, the trial court held a hearing on Appellee's summary judgment motion. Because the record on appeal does not include a transcript from the summary judgment hearing, we "cannot determine whether the trial court satisfied the 'statement on the record' requirement via oral pronouncement." *Hardison v. Bank of N.Y. Mellon*, 399 So. 3d 1173, 1174 (Fla. 3d DCA 2024) (quoting *Tucker*, 363 So. 3d at 1098).

AFFIRMED.

STARGEL and MIZE, JJ., concur.

Anthony N. Legendre, II, of the Law Offices of Legendre & Legendre, PLLC, Maitland, for Appellant.

Eric M. Levine, of Atlas | Solomon, LLP, Stuart, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED